### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 16 B 09712 |
| Sandra Bijou ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| Sandra Bijou ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 16 AP 00505 |
| ) | |
| Liberty Bank for Savings ) | |
| ) | |
| Defendant. ) | |

### ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    The Parties**

1.    The Plaintiff is Sandra Bijou ("Plaintiff").

2.    The Creditor is Liberty Bank for Savings ("Creditor").

**B.    Factual Background**

1.    On or about March 21, 2016, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.    Plaintiff owns the real estate commonly known as 1845 N. Mobile Avenue, Chicago, IL 60639.

3.    Ocwen Loan Servicing holds a first mortgage lien on the real property commonly known as 1845 N. Mobile Avenue, Chicago, IL 60639, with a secured claim of $209,733.85 pursuant to the proof of claim filed on July 25, 2016.

4. The Creditor holds a second mortgage lien on the real property known as 1845 N. Mobile Avenue, Chicago, IL 60639 in the approximate amount of $50,000.00 pursuant to Plaintiff's credit report.

5. On July 25, 2016, Plaintiff's attorney obtained property comparables which show the value of the property located at 1845 N. Mobile Avenue, Chicago, IL 60639 to be $191,000.00.

6. The Modified Chapter 13 Plan filed on March 25, 2016, provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $830.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10.00% of their allowed claims.

8. On August 4, 2016, Plaintiff filed an adversary complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Creditor's lien on Plaintiff's property located at 1845 N. Mobile Avenue, Chicago, IL 60639.

9. That on August 4, 2016, a copy of the summons and complaint were served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to the Creditor at 2392 N. Milwaukee Avenue, Chicago, IL 60647.

10. To date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $191,000.00.

13. The first secured claim of Ocwen Loan Servicing in the amount of $209,733.85 exhausts the value and equity in Plaintiff's residence.

14. There is no value and equity to support the claim of the Creditor.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Plaintiff scheduled the first secured lien on the property located at 1845 N. Mobile Avenue, Chicago, IL 60639 in the amount of $209,733.85, and the second secured lien in the amount of $50,000.00.

5. That the value of Plaintiff's residence is $191,000.00.

6. To the extent that a lien secures a claim against the Plaintiff that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a Debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122

(2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 10/6/16

The Semrad Law Firm, LLC
Attorney for Plaintiff
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

Enter: _____
United States Bankruptcy Judge